*E-FILED - 8/17/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANG NAM YOON, | No. C 10-2930 RMW (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| ATTORNEY GENERAL JANET NAPOLITANO, et al., | |
| Respondents. | |

    Petitioner, a citizen of South Korea, who has been ordered removed from this country under its immigration laws, filed this action under 28 U.S.C. § 2241, claiming he received ineffective assistance of counsel during the pendency of his petition for review in the Ninth Circuit Court of Appeal. Petitioner has paid the filing fee. For the reasons stated below, the court DISMISSES the petition.

**BACKGROUND**

    Petitioner arrived in the United States in 1975 as a Lawful Permanent Resident. In 2002, petitioner was convicted of willful infliction of corporal injury, in violation of California Penal Code § 273.5(a). On December 24, 2003, the Department of Homeland Security charged petitioner as removable as an aggravated felon and placed him into custody. On January 29, 2004, the immigration judge issued an order of removal. The Board of Immigration Appeals denied petitioner's appeal on August 9, 2004. On January 21, 2005, the Ninth Circuit dismissed

1  petitioner's petition for review for lack of jurisdiction. On March 1, 2005, petitioner filed a petition for writ of habeas corpus in the federal district court in Arizona, which transferred the petition to the Ninth Circuit. On May 6, 2010, the Ninth Circuit dismissed the case for lack of jurisdiction. On June 29, 2010, petitioner filed the underlying petition.

**DISCUSSION**

**A.     Standard of Review**

The court may entertain a petition for a writ of habeas corpus in behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. at § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citation omitted).

**B.     Petitioner's Claim**

Petitioner claims that his retained counsel who filed his petition for review before the Ninth Circuit in 2004 rendered ineffective assistance. Specifically, petitioner argues that counsel should have alerted the Ninth Circuit regarding the effect of Leocal v. Ashcroft, 543 U.S. 1 (2004),[1] which was issued prior to the Ninth Circuit's dismissal of his case. Petitioner's main contention is that his conviction under California Penal Code § 273.5(a) is not a categorical crime of violence and thus, petitioner should not have been found removable as an aggravated felon. Petitioner asserts that Leocal was relevant to his petition for review and because counsel should have presented an argument using Leocal but did not, he was ineffective. As a result, claims petitioner, the Ninth Circuit erroneously dismissed his petition.

---

[1] Leocal held that a conviction of driving under the influence of alcohol could not be a crime of violence if the statute "reach[es] individuals who were negligent or less." 543 U.S. at 13. "The bedrock principle of Leocal is that to constitute a federal crime of violence an offense must involve the intentional use of force against the person or property of another." Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc).

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.10\Yoon930dis1.wpd            2

1    A district court has jurisdiction to consider a petition for a writ of habeas corpus brought by a person in custody pursuant to an order of removal, where the petition is not a direct challenge to an order of removal.  See Singh v. Gonzales, 499 F.3d 969, 972 (9th Cir. 2007).  In the context of a removal proceeding, "[i]neffective assistance of counsel amounts to a violation of due process if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting [the alien's] case."  Mohammed v. Gonzales, 400 F.3d 785, 793-94 (9th Cir. 2005) (internal quotation and citation omitted).

The Ninth Circuit has recently held that California Penal Code § 273.5(a) is categorically a crime of violence within the meaning of 18 U.S.C. § 16.  Banuelos-Ayon v. Holder, 2010 WL 2757372, *3 (9th Cir. July 14, 2010).  Thus, even if counsel had presented such an argument to the Ninth Circuit in the petition for review, the result would not have been different.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  Because it "plainly appears from the face of the petition . . . that petitioner is not entitled to relief" on this claim, see Hendricks, 908 F.2d at 491, this federal habeas action is DISMISSED.

## CONCLUSION

For the foregoing reasons, the court DISMISSES petitioner's habeas petition.

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied.  Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:  8/17/10

RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.10\Yoon930dis1.wpd          3